FILED

**NOT FOR PUBLICATION**

JUL 02 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JPMORGAN CHASE BANK,<br><br>Plaintiff,<br><br>and<br><br>FOCUS SOUTH GROUP, LLC; SOUTH EDGE, LLC,<br><br>Petitioners - Appellees,<br><br>v.<br><br>KB HOME NEVADA INC.; COLEMAN-TOLL LIMITED PARTNERSHIP, LLC; PARDEE HOMES OF NEVADA; BEAZER HOMES HOLDINGS CORP.; MERITAGE HOMES OF NEVADA, FKA MTH Homes Nevada, Inc.,<br><br>Defendants - Appellants. | No. 10-17562<br><br>D.C. No. 2:08-cv-01711-PMP-RJJ<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, District Judge, Presiding

Argued and Submitted February 15, 2012
San Francisco, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: THOMAS, FISHER and IKUTA, Circuit Judges.

Defendant-Appellant Meritage Homes of Nevada appeals the district court's order denying its motion to partially vacate a final arbitration award in favor of Plaintiff-Appellee Focus South Group, LLC. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The arbitration panel's denial of Meritage's counterclaim against South Edge, LLC was not in manifest disregard of the law. *See Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 994 (9th Cir. 2003) (en banc) ("Neither erroneous legal conclusions nor unsubstantiated factual findings justify federal court review of an arbitral award under the [Federal Arbitration Act]."); *Health Plan of Nev., Inc. v. Rainbow Med., LLC*, 100 P.3d 172, 179 (Nev. 2004) ("Manifest disregard of the law goes beyond whether the law was correctly interpreted, it encompasses a conscious disregard of applicable law."). It is not clear that the legal principle Meritage contends the arbitrators ignored exists. *See Graber v. Comstock Bank*, 905 P.2d 1112, 1115 (Nev. 1995) ("[T]he term 'disregard' implies that the arbitrator appreciates the existence of a *clearly governing legal principle* but decides to ignore or pay no attention to it." (emphasis added)). Even assuming that it does, however, Meritage has not shown that the

arbitrators recognized but chose to ignore it. *See Comedy Club, Inc. v. Improv West Assocs.*, 553 F.3d 1277, 1290 (9th Cir. 2009) ("[F]or an arbitrator's award to be in manifest disregard of the law, it must be clear from the record that the arbitrator recognized the applicable law and then ignored it." (internal quotation marks and alterations omitted)); *Graber*, 905 P.2d at 1115. Because the arbitrators reasonably found that Focus notified Meritage of its defaults on March 28, 2008, the arbitrators did not manifestly disregard the law in determining that Meritage committed an event of default under the Operating Agreement, and thereupon rejecting Meritage's counterclaim.

The mandate shall issue in due course.

**AFFIRMED.**